**SO ORDERED.**

**SIGNED this 27 day of July, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

EUGENE WILSON LANCASTER JR, and                CASE NO. 10-00359-8-JRL
PATRICIA GALE LANCASTER,                       CHAPTER 7

     DEBTORS.

---

### ORDER

This matter came before the court on the trustee's motion to compel Eugene Wilson Lancaster Jr. and Patricia Gale Lancaster ("debtors"), or in the alternative to compel the North Carolina Department of Revenue ("NCDOR") and the Internal Revenue Service ("IRS"), to turnover and deliver property to the trustee. A hearing was held on July 18, 2012 in Wilmington, North Carolina.[1]

### BACKGROUND

The debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 18, 2010. The trustee determined that the estate potentially had net operating losses in prior years that could be used to generate assets for the bankruptcy estate. An order was entered on May 25, 2010 allowing the trustee to engage the accounting firm of Williams,

---

[1] The IRS did not respond to the motion and did not attend the hearing.

Overman, Pierce, LLP to prepare an amended 2006 tax return for the debtors.

On September 9, 2011, the 2006 amended returns were mailed to the NCDOR and the IRS. Along with the tax returns, the trustee included notices that the debtors were in bankruptcy and that they were requesting a determination of any unpaid tax liability pursuant to 11 U.S.C. § 505(b). On December 21, 2011, the trustee received two letters from Joe Trostel, the administrative officer within the bankruptcy unit of the NCDOR, notifying the trustee that the 2006 amended returns were received and processed and that "a check will be forwarded under separate cover."

The amended 2006 North Carolina state tax refund totaled $3,489.00 and the NCDOR mailed a check in January 2011 for that amount directly to the debtors. The amended 2006 federal tax refund totaled $2,350.00. The IRS mailed a check for that amount directly to the debtors in December 2010.

Upon receipt of the NCDOR's check, the debtors looked up the number for the NCDOR in the phone book and called to let the NCDOR know that the debtors were in bankruptcy. The debtors asked the NCDOR representative what to do with the refund check. The debtors testified that the NCDOR representative said it was acceptable to deposit the check because the money belonged to the debtors. The debtors then called the office of their previous attorney, Christopher Vondreau, and asked for instructions on what to do with both checks. The attorney also responded that the debtors could keep the checks. The debtors subsequently deposited the checks in their personal account and used the funds to purchase an automobile.

## DISCUSSION

Section 542(a) imposes a duty on those holding property of the estate to turnover that

property to the trustee. 11 U.S.C. § 542(a).

> "Therefore, under the plain language of § 542(a), a trustee must demonstrate four elements to force the turnover of property of the estate: 1) that during the case, 2) an entity other than a custodian, 3) was in possession, custody, or control, of property that the trustee could use, sell, or lease, and [4)] that such property is not of inconsequential value or benefit to the estate."

Beaman v. Vandeventer, Black, Meredith & Martin, L.L.P. (In re Shearin), Case No. 96-03403, Ad. Pro. 97-00039, 1998 Bankr. LEXIS 537, at *4-5 (Bankr. E.D.N.C. Mar. 11, 1998) (citations omitted).  The Fourth Circuit has spoken to this issue and affirmed this court in holding that § 542(a) "'requires the delivery of the property or the value of the property' and that to read it otherwise would enable possessors of property of the estate to escape trustees' demands 'simply by transferring the property to someone else.'" Beaman v. Vandeventer Black, LLP (In re Shearin), 224 F.3d 353, 356, 2000 U.S. App. LEXIS 20880 Case No. 98-2056, at *9-10 (4th Cir. N.C. 2000).

The trustee has carried his burden in this case.  The trustee sought to obtain these funds on behalf of the debtors while in bankruptcy.  The NCDOR and the IRS are not custodians of the debtors and were in possession of significant 2006 tax refund amounts that belonged to the debtors.  Those refunds would have been of significant value to the estate.

In response, the NCDOR asserts that it should not be forced to pay the same claim twice.  The debtors received the property and the debtors should be responsible for turning that property over to the trustee.  However, that position contradicts the holdings of this court and of the Fourth Circuit as outlined above.  In Beaman, the Fourth Circuit made it clear that both the law firm that erroneously turned over funds to the debtor after the trustee demanded them, and the debtor who received them, were jointly and severally liable.  Id. at *16.

## CONCLUSION

Based on the above facts, the motion to compel turnover of the $3,489.00 amended 2006 North Carolina state tax refund to the trustee is **GRANTED** as to the debtors and the NCDOR. The motion to compel turnover of the $2,350.00 amended 2006 federal income tax refund to the trustee is **GRANTED** as to the debtors and the IRS. The liability is joint and several as to each obligation, and the trustee has discretion as to the respondents from which he seeks recovery.

**END OF DOCUMENT**